To THE PETITION- OF COUNSEL FOR APPELLEES FOR A REHEARING
Judge Pryor
delivered the following response of the COURT:
It is shown by the evidence that the appellants purchased all the whisky in the bonded warehouse of Hartfield except that sold by the latter to Thierman & Prante and to Chambers Bros. & Co. The proof shows that Thierman & Prante withdrew their whisky ; and appellants, having also purchased *475 of Chambers Bros. & Co. the whisky they had purchased of Hartfield, became the sole owners of all the whisky in the warehouse. The attachments were levied on three hundred and eighty-one barrels, and released upon some compromise (as counsel for appellees admit) as to all except one hundred barrels. These one hundred barrels in controversy, as admitted by counsel for appelleés in their brief, and as the pleading and proof show, were numbered from 68 to 167, inclusive. This court is now asked for the evidence in the record showing that the appellants held receipts corresponding with these numbers. W. H. Thomas and R. H. Dorn, as well as Julius Dorn, all swear that the whole of the whisky was sold to the appellants, except that sold to Thierman & Prante and to Chambers Bros. & Co., and that the warehouse receipts were delivered over to the appellants.
Warehouse receipt W. H. T. embraces Nos. 108 to 160; receipt J. D. Nos. 60 to 107. Both of these receipts are proven by W. H. Thomas and by Julius Dorn. Receipt W. Nos. from 161 to 167, proven by Dorn. These three receipts include the numbers from 68 to 167, the barrels in controversy.. That the contract was made for the whisky as numbered was scarcely questioned on the hearing; but it was insisted that the title to the whisky did not vest in appellants until its delivery in Louisville, or if it did, that as Hartfield retained the possession it was fraudulent as to creditors. We think the authorities referred to in the opinion sustain fully the view taken of the law of the case, and it is deemed needless to refer to them again in the response. The opinions of the witnesses as to whether the title passed or not were not regarded by the court in determining the questions involved. The facts show that a purchase was made of the whisky in barrels in a bonded warehouse; that the barrels were numbered, and the warehouse receipts, corresponding with the numbers on the barrels, delivered to the purchasers (appellants) prior to the issuing of *476 the attachments; that they paid a greater part of the purchase price. This is held to vest the title, and give to the purchaser a possession that is not fraudulent as to creditors.
The decision is not based on the act of 1869. That act was intended to make such paper negotiable. The opinion rests upon elementary principles. Petition overruled.